*21-000529260*

CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA

| | |
|---|---|
| JESUS CHURCH MINISTRIES OF TAMPA INC | **CASE #:** 21-CA-008408 |
| | **COURT:** **13TH JUDICIAL CIRCUIT** |
| PLAINTIFF(S) | **COUNTY:** **HILLSBOROUGH** |
| | **DFS-SOP #:** 21-000529260 |
| VS. | |

OHIO SECURITY INSURANCE COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, NOTICE

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Tuesday, November 9, 2021 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, November 16, 2021 to the designated agent for the named entity as shown below.

OHIO SECURITY INSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

ROBERT F GONZALEZ
FLORIDA INSURANCE LAW GROUP LLC
8724 SUNSET DRIVE # 260
MIAMI, FL 33173

JD1

Case 8:21-cv-02827-KKM-CPT   Document 1-3   Filed 12/06/21   Page 2 of 27 PageID 16

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC     Case No. **21CA008408**
**DIV. K**

       Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

       Defendant.

_____/

## CIVIL ACTION SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**OHIO SECURITY INSURANCE COMPANY**
Florida Chief Financial Officer as RA, Service of Process Section
P.O. Box 6200, Tallahassee, Florida 32314-6200

or upon any other party duly designated or legally capable of receiving such papers for the Defendant.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:

Robert F. Gonzalez, Esq. (Robert@flinslaw.com)
8724 Sunset Drive #260, Miami, FL 33173

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court located at:

Hillsborough County Courthouse, 401 N Jefferson St #516

either before service on Plaintiff's Attorney or immediately thereafter.  If a Defendant fails to do so, a Default judgment will be entered against that Defendant for the relief demanded in the Complaint.

       WITNESS my hand and seal of this Court on this ____10/21/2021____.

Hillsborough County COUNTY
CLERK OF THE COURTS       BY: _Elgin Welch_____

       DEPUTY CLERK

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number and the names of the parties must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wage, money, and property all where applicable, may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**Robert F. Gonzalez, Esq.**
**8724 Sunset Drive #260, Miami, FL 33173**
**Tel. – (305) 906-4262 | Robert@flinslaw.com**

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous aves 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre response escrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecretie au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC     Case No. 21-CA-008408

      Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

      Defendant.

_____/

## COMPLAINT

Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, by and through undersigned counsel, hereby files this Complaint against Defendant, OHIO SECURITY INSURANCE COMPANY, and in support thereof, would allege:

### JURISDICTION AND VENUE

1.     This is an action for monetary damages in excess of $30,000, exclusive of prejudgment interest, costs, and attorneys' fees.

2.     Venue is proper in Hillsborough County County, Florida pursuant to Florida Statute 47.011, because the cause of action upon which these allegations are based accrued in Hillsborough County County, Florida, and the property at issue is located in Hillsborough County County, Florida.

### PARTIES

3.     Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, is a natural person and for all times material to this action was a resident of Hillsborough County County, Florida.

4.     Defendant, OHIO SECURITY INSURANCE COMPANY, was licensed/authorized to and was doing business in the State of Florida.

5.     Defendant, OHIO SECURITY INSURANCE COMPANY, is an authorized insurance carrier by the State of Florida to engage in the business of insurance with Florida citizens, and is duly authorized to, and does in fact, issue, or otherwise causes to be issued, policies of insurance in Hillsborough County County, Florida, and throughout the State of Florida.

## COUNT I - BREACH OF CONTRACT

6.     This is a cause of action for damages by Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, against Defendant, OHIO SECURITY INSURANCE COMPANY, for breach of contract.

7.     Plaintiff purchased a homeowner's insurance policy from Defendant, which insured property owned by Plaintiff located at 2716 N. 34TH STREET, TAMPA, FL, 33605 (the "Property").

8.     In consideration for a premium paid to it by Plaintiff, Defendant issued to Plaintiff a homeowner's insurance policy bearing policy number BKS(21) 56747293 ("the Policy").

9.     The Plaintiff does not have a copy of the foregoing insurance policy and/or the same is in the possession of the Defendant.

10.     The foregoing insurance policy was in full force and effect at all material times hereto and during the subject date of loss.

11.     At all times material hereto, the Policy, among other things, provided insurance coverage for the dwelling, other structures, loss of use, and the personal property owned by the Plaintiff.

12.     On or about 11/15/2020, Plaintiff suffered a loss due to a covered peril under the Policy involving the Property.

13.     Upon notice of the loss, Plaintiff timely reported the damage to Defendant.

14.     In response, Defendant acknowledged the loss and assigned an adjuster and claim number 23872727.

15.     Thereafter, Defendant conducted and completed an investigation of the loss.

16.     However, Defendant has breached the Policy by denying coverage for the loss and failing or refusing to pay all benefits due and owing which Plaintiff is entitled to under the Policy.

17.     All conditions precedent and post-loss obligations to obtaining payment of said benefits under the Policy have been complied with, met, or waived.

18.     Plaintiff has suffered damages as a result of not having benefits paid pursuant to the insurance Policy by Defendant.

19.     As a direct and proximate result of the conduct of Defendant, Plaintiff has been obligated to retain the undersigned attorney to bring this action, and is entitled to a reasonable attorney's fee pursuant to Florida Statute 627.428 and 627.70152.

**WHEREFORE**, Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, demands a judgment against Defendant, OHIO SECURITY INSURANCE COMPANY, for damages, attorney's fees, prejudgment interest, costs, and all other relief deemed just and proper by this Court, and **RESPECTFULLY REQUESTS A JURY TRIAL.**

**Florida Insurance Law Group, LLC**
8724 Sunset Drive, #260, Miami, FL 33173
Tel. (305) 906-4262

Robert F. Gonzalez, Esq.
Fla. Bar No. 68865
Pleadings@flinslaw.com

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC      Case No. 21-CA-008408


      Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

      Defendant.

_____/

DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO
FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516(b)(l)(A)


COMES NOW, Robert Gonzalez, Esq., counsel for Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, and hereby gives notice of designating e-mail addresses for receiving service. Pursuant to Florida Rule of Judicial Administration 2.516, the undersigned counsel designates the following email addresses:

Primary E-Mail Address for Pleadings:      pleadings@flinslaw.com

Primary E-Mail Address for Scheduling:      scheduling@flinslaw.com


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been propounded to Defendant, OHIO SECURITY INSURANCE COMPANY, simultaneously with the service of the process and Complaint on said Defendant.

Florida Insurance Law Group, LLC
8724 Sunset Drive, # 260
Miami, FL 33173

By: */s/ Robert Gonzalez*
Robert Gonzalez, Esq.
FBN: 68865
pleadings@flinslaw.com

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC      Case No. 21-CA-008408


      Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

      Defendant.

_____/


**CERTIFICATE OF SERVING FIRST SET OF INTERROGATORIES TO
DEFENDANT OHIO SECURITY INSURANCE COMPANY**

    I HEREBY CERTIFY that First Set of Interrogatories have been propounded to Defendant,

OHIO SECURITY INSURANCE COMPANY, simultaneously with the service of the process and

Statement of Claim on said Defendant.


                    Florida Insurance Law Group, LLC
                    8724 Sunset Drive, # 260
                    Miami, FL 33173

                    By: */s/ Robert Gonzalez*
                    Robert Gonzalez, Esq.
                    FBN: 68865
                    pleadings@flinslaw.com

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC     Case No. 21-CA-008408

     Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

     Defendant.

_____/

**FIRST SET OF INTERROGATORIES TO**
**DEFENDANT OHIO SECURITY INSURANCE COMPANY**

Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, propounds the following Interrogatories to Defendant, OHIO SECURITY INSURANCE COMPANY, and requests written answers, under oath, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure within forty-five (45) days from the date of the service.

The terms "you" and "your" mean OHIO SECURITY INSURANCE COMPANY, or any person, entity or corporation except your own attorney, that is or was acting on behalf of or under the direction of or at the instruction of OHIO SECURITY INSURANCE COMPANY, during the relevant time.

The term "insurance claim" means a claimed loss bearing claim number 23872727 by the Insured, JESUS CHURCH MINISTRIES OF TAMPA INC under the subject policy of insurance with Defendant for the property located at 2716 N. 34TH STREET, TAMPA, FL, 33605.

If not already defined by the interrogatory, the relevant time for the purposes of these interrogatories shall be the first effective date of the subject policy of insurance with Defendant for

the property located at 2716 N. 34TH STREET, TAMPA, FL, 33605 as owned by the Insured, JESUS CHURCH MINISTRIES OF TAMPA INC, to the present.

These interrogatories are not intended to invade the attorney-client relationship. Accordingly, these interrogatories do not seek the disclosure of privileged communications between you and your attorney. To the extent that you believe any of the following Interrogatories to be objectionable, answer so much of each Interrogatory and each part thereof as is not, in your view objectionable, and separately state so much of that part of each Interrogatory as to which you raise an objection and each ground for each such objection.

## INTERROGATORIES

1.      Identify all individuals whom you know to have knowledge of the insurance claim in this case. In responding to this request, state the full name; place of employment; business address; and telephone number for each person; what position they serve for the Defendant, if any; and a brief description of each persons knowledge of the claim.

THE UNDERSIGNED HEREBY CERTIFIES THAT THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT.

I AM ALSO AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE PENALTY OF PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE COURT.

DATED:  11/08/2021

_____

Printed Name:  _____

### Notary Certification

BEFORE ME, the undersigned authority, this day personally appeared _____ who having been duly sworn, deposes and says that he/she executed to the best of his/her knowledge the foregoing Answers to Interrogatories in Aid of Execution and that such Answers are true and correct.

Sworn to and subscribed before me on this date: _____.

_____

Notary Public

My Commission expires:

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC      Case No. 21-CA-008408


   Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

    Defendant.

_____/


**CERTIFICATE OF SERVING**
**FIRST REQUEST FOR PRODUCTION TO**
**<u>DEFENDANT OHIO SECURITY INSURANCE COMPANY</u>**


   I HEREBY CERTIFY that the First Request for Production has been propounded to

Defendant, OHIO SECURITY INSURANCE COMPANY, simultaneously with the service of the

process and Statement of Claim on said Defendant.


        Florida Insurance Law Group, LLC
        8724 Sunset Drive, # 260
        Miami, FL 33173

        By: */s/ Robert Gonzalez*
        Robert Gonzalez, Esq.
        FBN: 68865
        pleadings@flinslaw.com

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC      Case No. 21-CA-008408


       Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

       Defendant.

_____/

**FIRST REQUEST FOR PRODUCTION TO**
**DEFENDANT OHIO SECURITY INSURANCE COMPANY**

Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, requests Defendant, OHIO
SECURITY INSURANCE COMPANY, to produce the following documents at the offices of the
undersigned counsel pursuant to Florida Rule of Civil Procedure 1.350 within forty-five (45) days
after service.

The terms "you" and "your" mean OHIO SECURITY INSURANCE COMPANY, or any
person, entity or corporation except your own attorney, that is or was acting on behalf of or under
the direction of or at the instruction of OHIO SECURITY INSURANCE COMPANY, during the
relevant time.

The term "insurance claim" means a claimed loss bearing claim number 23872727 by the
Insured, JESUS CHURCH MINISTRIES OF TAMPA INC  with Defendant for the property
located at 2716 N. 34TH STREET, TAMPA, FL, 33605.

If not already defined by the request for production, the relevant time for the purposes of
these document requests shall be the first effective date of the subject policy of insurance with

Defendant for the property located at 2716 N. 34TH STREET, TAMPA, FL, 33605 as owned by the Insured, JESUS CHURCH MINISTRIES OF TAMPA INC, to the present.

The term "document" shall include writings, notes, drafts, outlines, recordings and files, regardless of storage media; they include, but are not limited to, writings contained on paper, recordable tape, celluloid, disks, hard drives, electronic mail servers or any other digitally stored media.

This request for production is not intended to invade the attorney-client relationship. Accordingly, the request for production does not seek the production of privileged letters or correspondence between you and your attorney. To the extent that you believe any of the following requests to produce are objectionable, produce so much of each request and each part thereof as is not, in your view objectionable, and separately state so much of that part of each request to produce as to which you raise an objection and each ground for each such objection.

For any document over which a claim of privilege is made, please provide a complete privilege log with enough information so that the subject of the privilege can be properly assessed, including but not limited to the date of the document, the number of pages of the document, a description of the document, the specific privileged claim.

## REQUEST FOR PRODUCTION

1. The original and/or a true and correct certified copy of the insurance policy described in the Statement of Claim, including declaration page, endorsements, and all addendums, if any.

2. Any and all copies of all checks issued by Defendant and payable to or on behalf of Plaintiff representing payment for damages and costs relating to Claim Number 23872727.

3.      Any and all copies of all checks issued by Defendant and payable to or on behalf of Insured JESUS CHURCH MINISTRIES OF TAMPA INC representing payment for damages and costs relating to Claim Number 23872727.

4.      Any and all copies of all correspondence sent by Defendant to Plaintiff relating to Claim Number 23872727.

5.      Any and all copies of all correspondence sent by Defendant to JESUS CHURCH MINISTRIES OF TAMPA INC relating to Claim Number 23872727.

**THIS SPACE INTENTIONALLY LEFT BLANK**

IN THE CIRCUIT COURT OF THE THIRTEENTH
JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH
COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC       Case No. **21CA008408**
**DIV. K**

      Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

      Defendant.

_____/

### CIVIL ACTION SUMMONS

YOU ARE COMMANDED to serve this Summons in this action on Defendant:

**OHIO SECURITY INSURANCE COMPANY**
Florida Chief Financial Officer as RA, Service of Process Section
P.O. Box 6200, Tallahassee, Florida 32314-6200

or upon any other party duly designated or legally capable of receiving such papers for the Defendant.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:

Robert F. Gonzalez, Esq. (Robert@flinslaw.com)
8724 Sunset Drive #260, Miami, FL 33173

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this Court located at:

Hillsborough County Courthouse, 401 N Jefferson St #516

either before service on Plaintiff's Attorney or immediately thereafter.  If a Defendant fails to do so, a Default judgment will be entered against that Defendant for the relief demanded in the Complaint.

     WITNESS my hand and seal of this Court on this ___10/21/2021___.

Hillsborough County COUNTY
CLERK OF THE COURTS            BY: _Elgin Welch_____
                                     DEPUTY CLERK

**IMPORTANT**

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number and the names of the parties must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wage, money, and property all where applicable, may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

 If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

**Robert F. Gonzalez, Esq.**
**8724 Sunset Drive #260, Miami, FL 33173**
**Tel. – (305) 906-4262 | Robert@flinslaw.com**

**IMPORTANTE**

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous aves 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecretie au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

JESUS CHURCH MINISTRIES OF TAMPA INC          Case No.

     Plaintiff,

vs.

OHIO SECURITY INSURANCE COMPANY

     Defendant.

**REQUEST FOR DIVISION ASSIGNMENT**

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action:_____)

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Robert F. Gonzalez Esq.

Address: 8724 Sunset Drive #260 Miami, Florida 33173

Phone Number: (305) 906-4262

Email Address(es): HOS@flinslaw.com

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL
CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

JESUS CHURCH MINISTRIES OF TAMPA INC

     Plaintiff ,

v.                                       Case Number: 21-CA-008408
                                            Division K

OHIO SECURITY INSURANCE COMPANY

     Defendant .

_____

**<u>DIFFERENTIATED CASE MANAGEMENT ORDER &</u>**

**<u>NOTICE OF HEARING</u>**

**<u>(GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)</u>**

     THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme
Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court
Order directs the chief judge of each circuit to issue an administrative order requiring the
presiding judge for each civil case to actively manage civil cases in accordance with a
differentiated case management process.  Consistent with this requirement, the Chief Judge of
the Thirteenth Judicial Circuit issued Administrative Order S-2021-023 (the "**Case Management
Plan**") on April 26, 2021.

     Accordingly, it is now

     **FOUND, ORDERED,** and **ADJUDGED** that:

1.  **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as
    defined by the Supreme Court Order and the Case Management Plan.

2.  **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case
    Management Plan, this Differentiated Case Management Order & Notice of Hearing (the
    "**DCM Order**") has been generated automatically upon the filing of the complaint and
    will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve

the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

3. **Conformity with Supreme Court Order's Directive.** The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a. Filing a motion and setting it for hearing; or

   b. Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.** Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a. **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

   b. **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

   **Webex: +1-904-900-2303 United States Toll (Jacksonville)**
   **Access Code: 132 878 9681**

Filed 10/21/2021 2:31:09 PM Hillsborough County Clerk of the Circuit Court

    c. **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

    d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i. **Automatic Excusal.**

            1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

            2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

        ii. **Discretionary Excusal.**

            1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

                a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

                b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.**  Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

    a. **When Required.**  Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

    b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.**  Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

Filed 10/21/2021 2:31:09 PM Hillsborough County Clerk of the Circuit Court

c.  **Form of Certificate of Conferral.**  The certificate of conferral should be substantially in the following form:

## Certificate of Conferral Prior to Filing

***"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by*** *[date and method of communication (select one of the following:  in person, telephone, or video conference)]* ***with the opposing party or counsel and*** *[the opposing party or counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].***"

10. **Discovery Provisions.**

a.  **Fact Discovery.**

i.  All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

ii.  All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

iii.  Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

b.  **Expert Discovery.**

i.  Expert disclosure must occur by the deadline indicated below.

ii.  Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

1.  No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

2.  For each expert:

a.  Identify the expert's area of expertise;

Filed 10/21/2021 2:31:09 PM Hillsborough County Clerk of the Circuit Court

  b. Identify the subject matter on which the expert is expected to testify;

  c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

  d. Summarize the grounds for each opinion.

 iii. The court may preclude an expert from testifying outside of the disclosed opinions.

 iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

 v. It is the responsibility of counsel to select experts who:

  1. Are prepared to make themselves available for deposition within the expert discovery period; and

  2. Are prepared to respond promptly to requests for deposition dates.

 vi. If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 10/21/2021 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 2/18/2022 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, | 3/21/2022 |

| | |
|---|---|
| Fla. R. Civ. P.] | |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 4/19/2022 |
| **Court-Ordered Case Management Conference.**<br>NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 05/20/2022<br>At<br>11:30 AM |
| **Deadline for completion of fact discovery.**<br>[270 days after filing of complaint.] | 7/18/2022 |
| **Deadline for filing motion to compel   discovery.**<br>[284 days after filing of complaint.] | 8/1/2022 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 8/17/2022 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 9/16/2022 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 9/30/2022 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 11/15/2022 |
| **Deadline for completion of mediation or non-binding arbitration.**<br>[420 days after filing of complaint.] | 12/15/2022 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 12/15/2022 |
| **Month and year of the projected trial term.** | April, 2023 |

Filed 10/21/2021 2:31:09 PM Hillsborough County Clerk of the Circuit Court

| [540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | |

ENTERED by the undersigned judge on the date imprinted below.

21-CA-008468 10/21/2021 2:30:43 PM

Circuit Judge

Filed 10/21/2021 2:31:09 PM Hillsborough County Clerk of the Circuit Court