UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS CHURCH MINISTRIES
OF TAMPA INC.,

    Plaintiff,

vs.                                                                       Case No. 21-cv-02827

OHIO SECURITY
INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT OHIO SECURITY INSURANCE COMPANY'S
FIRST REQUEST FOR PRODUCTION TO PLAINTIFF**

Defendant Ohio Security Insurance Company ("Ohio Security") requests that Plaintiff Jesus Church Ministries of Tampa Inc. ("Plaintiff") produce a copy of the documents listed on the attached Exhibit A within 30 days, at the office of BUTLER WEIHMULLER KATZ CRAIG LLP, 400 North Ashley Drive, Suite 2300, Tampa, Florida 33602, where the documents shall be left for a reasonable period of time for copying or reproduction.

Plaintiff will be in compliance with this first request for production if it provides to Ohio Security's attorney, by mail, a complete and legible copy of the requested items before the date fixed for production.

        BUTLER WEIHMULLER KATZ CRAIG LLP

        s/ Paul Hudson Jones II
        J. PABLO CÁCERES
        Florida Bar No.:  131229
        pcaceres@butler.legal
        PAUL HUDSON JONES II
        Florida Bar No.:  44290
        hjones@butler.legal
        Secondary: cjenkins@butler.legal
        400 N. Ashley Drive, Suite 2300
        Tampa, Florida  33602
        Telephone:  (813) 281-1900
        Facsimile:   (813) 281-0900
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that a copy has been served on:

    Lynn Brauer
    Florida Insurance Law Group, LLC
    8724 Sunset Drive #260
    Miami, Florida  33173
    pleadings@flinslaw.com
    lynn@flinslaw.com
    Attorneys for Plaintiff

By Electronic Service on January 28, 2022.

        s/ Paul Hudson Jones II
        PAUL HUDSON JONES II

## EXHIBIT A

## DOCUMENTS TO BE PRODUCED

Please do not produce a copy of the Policy with your responsive documents. All parties to this Lawsuit already have the Policy. The "loss" means the loss alleged in the Complaint.

1. All paper and electronic documents related to the loss.

2. All paper and electronic repair estimates prepared for Plaintiff by any individual related to the loss.

3. All paper and electronic inspection reports prepared for Plaintiff by any individual related to the loss.

4. All paper and electronic documents related to repairs or replacements of damaged property related to the loss performed by any individual after the loss.

5. All paper and electronic documents, checks, payment records, and invoices showing the amount of money that Plaintiff has spent and paid to any individual to repair or replace damaged property related to the loss.

6. All paper and electronic documents which support each and every factual allegation alleged in the Complaint.

7. All paper and electronic documents that support Plaintiff's contention in the Complaint that Ohio Security breached the Policy.

8. All photographs, in native file format, in Plaintiff's possession showing the pre-loss condition of the insured property.

9. All videos, in native file format, in Plaintiff's possession showing the pre-loss condition of the insured property.

10. All photographs, in native file format, in Plaintiff's possession showing the post-loss condition of the insured property.

11. All videos, in native file format, in Plaintiff's possession showing the post-loss condition of the insured property.

12. All photographs, in native file format, in Plaintiff's possession showing the current condition of the insured property.

13. All videos, in native file format, in Plaintiff's possession showing the current condition of the insured property.

14. All paper and electronic documents supporting Plaintiff's claim for building damages related to the loss.

15. All paper and electronic documents supporting Plaintiff's claim for loss of use damages related to the loss.

16. All paper and electronic documents supporting Plaintiff's claim for business interruption damages related to the loss.

17. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and Noble Public Adjusting Group LLC's representatives related to the loss.

18. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and

The Kidwell Group LLC dba Air Quality Assessors of Florida's representatives related to the loss.

19. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and Ohio Security's representatives related to the loss.

20. All paper and electronic meeting minutes in Plaintiff's possession related to the loss.

21. A privilege log which identifies, with specificity, any and all documents Plaintiff withheld in response to any of the preceding requests as privileged, confidential, or otherwise protected from discovery.