UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS CHURCH MINISTRIES OF TAMPA INC.,

    Plaintiff,

vs.                                          Case No. 21-cv-02827-KKM-CPT

OHIO SECURITY INSURANCE COMPANY,

    Defendant.
_____/

**ANSWERS TO INTERROGATORIES BY**
**JESUS CHURCH MINISTRIES OF TAMPA, INC.**

    Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, has at this stage of the litigation responded to the Interrogatories on the basis of the best data available. As additional data may be acquired during the course of this case, Plaintiff reserves the right at any time to revise, correct, modify supplement or clarify any of the answers provided herein.

    A.    Plaintiff objects to the Interrogatories in their entirety on the grounds that the interrogatories pursuant to the Definitions and Instructions call for information that may be protected by the attorney-client and work product privileges.

1

B. Plaintiff objects to the Interrogatories in their entirety because the Interrogatories pursuant to the Definitions and Instructions request information that is not within the personal knowledge of the Plaintiff.

C. Plaintiff objects to the Interrogatories in their entirety because the Interrogatories pursuant to the Definitions and Instructions request information concerning documents that are in the care or control of Defendant, OHIO SECURITY INSURANCE COMPANY, and not the Plaintiff.

Subject to the above and without waiving the foregoing objections, the following answers are provided:

1. Identify each and every person who provided information, was consulted, or participated in the preparation of your answers to these interrogatories.

**ANSWER:** These responses were completed Archbishop Clarence E. Davis with the assistance of The Florida Insurance Law Group.

2. Identify all individuals who have knowledge of the facts related to your loss. Include in your answer the name, address, and telephone number for each individual and describe all facts known by each individual.

**ANSWER:** Defendant and its agents/representatives

c/o Defense Counsel

2

Defendant has knowledge as to its breach of contract, investigation of the claim in this matter.

Corporate Representative for the Plaintiff, Archbishop Clarence Davis

c/o Florida Insurance Law Group, LLC

Plaintiff's Corporate Representative has knowledge regarding services performed and Defendant's Breach of the Contract

Agents of and Corporate Representative for Noble Public Adjusting, PA

107 Amar Place, Suite 103, Panama City, FL 32413

(850) 249-6972

Noble's agents and corporate representative has knowledge regarding services performed and Defendant's Breach of the Contract.  Noble's agents inspected the property.

Agents and Corporate Representative of Air Quality Assessors of Florida

PO Box 162261, Altamonte Springs, FL 32716

(470) 233-0493

AQA's corporate representative has knowledge regarding services performed and Defendant's Breach of the Contract. AQA's agents, names unknown, inspected the property an created reports

3. State the total monetary amount of contractual damages under the Policy that you contend are related to the loss to the insured property and owed by Ohio Security. Do not include attorney's fees, costs, or interest in your answer.

**ANSWER:** As per Noble's Estimate $252,528.11, plus overhead & profit for a general contractor.

4. Do you contend that the interior of the insured property was damaged during the loss? If your answer is yes, state the amount you claim for damages to the interior related to the loss.

**ANSWER:** Yes, there were interior damages. As per Noble's estimate, $96,924.59, plus overhead and profit.

5. Do you contend that the roof of the insured property was damaged during the loss? If your answer is yes, state the amount you claim for damages to the roof related to the loss.

**ANSWER:** Yes, there was damage to the roof. Plaintiff has received four estimates ranging from $35,560.00 to 41,915.98.

4

6.  Has any individual inspected the insured property for you after the loss? If your answer is yes, identify the name, company, address, and telephone number for each individual and the date of the inspection. Do not include in your answer individuals who inspected for Ohio Security.

**ANSWER:** Agents of Noble Public Adjusting and Air Quality Assessors of Florida both inspected and the dates are contained on their documents produced. The Plaintiff does not remember the names of the inspectors. As per Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff directs to Defendant to Plaintiff's Reports produced in Plaintiff's Response to Defendant's Request for Production.

7.  Has any individual performed repairs to the insured property after the loss? If your answer is yes, describe with specificity all repairs to the insured property after the loss, including the name of the individual or entity that performed the repairs, the scope of the repairs, the cost of the repairs, and the amount spent by you for the repairs.

**ANSWER:** Plaintiff has repaired a few of the ceiling tiles on the interior. Employees and volunteers performed the repairs. The cost was less than $100 for the ceiling tiles.

8. Are you claiming damages to Personal Property related to the loss under the Policy? If your answer is yes, state the specific amount of your Personal Property claim.

**ANSWER:** No.

9. Identify with specificity the loss of use that you have incurred as set forth in Section B of your Rule 26 initial disclosures.

**ANSWER**: The building will not be able to be used during the repairs to the property. The loss of use will occur when the repairs are being made.

10. Do you contend that the roof of the insured property needs to be replaced? If your answer is yes, explain why it needs to be replaced.

**ANSWER:** Yes. It is wind damaged and leaking.

11. Before you reported the loss to Ohio Security on November 16, 2020, did any individual perform repairs to the insured property?

**ANSWER**: No, but some repairs to the interior of the church were done, including replacing the tile in the Fellowship Hall, the male and female bathrooms, the kitchen, and the pastor's office.

12. Have you spent any money after the loss to repair or replace damaged property as recommended in the Noble Public Adjusting Group estimate (estimate C-2044_SH_JESUS) sent to Ohio Security in support of the loss. If your answer is yes, identify the scope of the repair or replacement, the

amount of money you spent on the repair or replacement, and the specific line item number in the estimate that you spent money on to repair or replace property.

**ANSWER**: Plaintiff replaced some tiles, and the cost of the tiles was less that $100.

13. Identify any purported assignment(s) signed by you related to the loss. Include the name, title, occupation, address, and telephone number of any person with knowledge of the assignment.

**ANSWER:** Plaintiff executed an assignment of benefits to Air Quality Assessors of Florida. AQA's contact information is contained within Interrogatory #2. AQA's corporate representative, Matthew Moore, signed the assignment of benefits and has knowledge of the assignment.

14. Did The Kidwell Group LLC dba Air Quality Assessors of Florida perform any work for you related to the loss? If your answer is yes, specifically describe all work performed by The Kidwell Group LLC dba Air Quality Assessors of Florida, including the name of the individual who performed the work, the scope of the work, and the cost of the work.

**ANSWER**: AQA provided an interior inspection of the property and prepared an Indoor Environmental Assessment, including mold testing.

15. Have you paid The Kidwell Group LLC dba Air Quality Assessors of Florida for work performed related to the loss? If your answer is yes, state the amount you paid to The Kidwell Group LLC dba Air Quality Assessors of Florida for work performed related to the loss.

**ANSWER**: No, because I signed an assignment of benefits.

16. Have you reported any other property claims to any other insurance carrier in the last 7 years?

**ANSWER:** No.

17. Do you contend that a windstorm damaged the insured property and caused the loss alleged in paragraph 12 of the Complaint?

**ANSWER**: Yes.

18. Please state which "covered peril" under the insurance policy you contend caused the loss alleged in paragraph 12 of the Complaint.

**ANSWER**: Wind storm

19. **How old was the roof at the insured property on the alleged date of loss?**

**ANSWER**: Plaintiff does not know the age of the current roof. Plaintiff has only owned the property since 2015.

THE UNDERSIGNED HEREBY CERTIFIES THAT THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT.

I AM ALSO AWARE THAT ANY MATERIALLY FALSE STATEMENT KNOWINGLY MADE WITH THE INTENT TO DEFRAUD OR MISLEAD SHALL SUBJECT ME TO THE PENALTY OF PERJURY AND MAY BE CONSIDERED A FRAUD UPON THE COURT.

DATED: __3/7/2022__

JESUS CHURCH MINISTRIES OF TAMPA, INC.

By: _____[signature]_____
Archbishop Clarence E. Davis

SWORN TO AND SUBSCRIBED before me on this date: __March 7th, 2022__

_____[signature]_____
Signature
Notary Public

**JACK FLETCHER**
Notary Public, State of Florida
Commission# GG 230713
My comm. expires June 20, 2022

__Jack Fletcher__
Print, Type or Stamp
Commissioned Name of Notary

Personally Known _____ OR Produced Identification __✓__
Type of Identification Produced __FL ID's__

9