UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS CHURCH MINISTRIES OF TAMPA INC.,

    Plaintiff,

vs.                              Case No. 21-cv-02827-KKM-CPT

OHIO SECURITY INSURANCE COMPANY,

    Defendant.
_____/

## RESPONSE TO REQUEST FOR PRODUCTION

Plaintiff, JESUS CHURCH MINISTRIES OF TAMPA INC, hereby files this Response to the Request for Production filed by Defendant, OHIO SECURITY INSURANCE COMPANY, as follows:

GENERAL OBJECTIONS

Plaintiff objects generally to the definitions and/or instructions contained in the Request for Production to the extent they:

(1) Purport to impose any obligations greater than those provided by the applicable law and rules governing the proper scope and extent of discovery.

(2) Seek documents protected from discovery by the attorney-client privilege, the attorney work product doctrine, and/or other privileges recognized by law.

(3) Seek documents that are not in the possession of the Plaintiff.

Subject to and without waiving any objection stated herein, Plaintiff responds as follows:

## SPECIFIC RESPONSES

In lieu of the Request for Production, Plaintiff hereby states that true and correct copies of those documents pertaining to the numbered paragraphs contained in the Request for Production were electronically sent to the attorney for Defendant, OHIO SECURITY INSURANCE COMPANY.

PLEASE TAKE NOTICE that the inadvertent production or disclosure of any material that may be privileged or subject to work product protection shall not constitute a waiver of any applicable privilege. Nor shall such production or disclosure be deemed a waiver of the right to interpose any applicable objections at any time, including but not limited to objections such as competency, relevancy or materiality.

The following paragraphs correspond directly to the numbered paragraphs contained in the Request for Production:

1. All paper and electronic documents related to the loss.

Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

2. All paper and electronic repair estimates prepared for Plaintiff by any individual related to the loss.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

3. All paper and electronic inspection reports prepared for Plaintiff by any individual related to the loss.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

4. All paper and electronic documents related to repairs or replacements of damaged property related to the loss performed by any individual after the loss.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

5. All paper and electronic documents, checks, payment records, and invoices showing the amount of money that Plaintiff has spent and paid to any individual to repair or replace damaged property related to the loss.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

6. All paper and electronic documents which support each and every factual allegation alleged in the Complaint.

   Answer: All documents in the possession of Plaintiff that are pertinent to this request are attached.

7. All paper and electronic documents that support Plaintiff's contention in the Complaint that Ohio Security breached the Policy.

   Answer: All documents in the possession of Plaintiff that are pertinent to this request are attached.

8. All photographs, in native file format, in Plaintiff's possession showing the pre-loss condition of the insured property.

   Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

9. All videos, in native file format, in Plaintiff's possession showing the pre-loss condition of the insured property.

   Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

10. All photographs, in native file format, in Plaintiff's possession showing the post-loss condition of the insured property.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

11. All videos, in native file format, in Plaintiff's possession showing the post-loss condition of the insured property.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

12. All photographs, in native file format, in Plaintiff's possession showing the current condition of the insured property.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

13. All videos, in native file format, in Plaintiff's possession showing the current condition of the insured property.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

14. All paper and electronic documents supporting Plaintiff's claim for building damages related to the loss.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

15. All paper and electronic documents supporting Plaintiff's claim for loss of use damages related to the loss.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

16. All paper and electronic documents supporting Plaintiff's claim for business interruption damages related to the loss.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

17. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and Noble Public Adjusting Group LLC's representatives related to the loss.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

18. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and The Kidwell Group LLC dba Air Quality Assessors of Florida's representatives related to the loss.

    Answer: There are no documents in the possession of Plaintiff that are pertinent to this request.

19. All paper and electronic communications and correspondence, including emails and text messages, between Plaintiff's representatives and Ohio Security's representatives related to the loss.

    Answer: All documents in the possession of Plaintiff that are pertinent to this request are attached.

20. All paper and electronic meeting minutes in Plaintiff's possession related to the loss.

    Answer: There are no documents in the possession of Plaintiff pertinent to this request.

21. A privilege log which identifies, with specificity, any and all documents Plaintiff withheld in response to any of the preceding requests as privileged, confidential, or otherwise protected from discovery.

    Answer: All documents in the possession of Plaintiff pertinent to this request are attached.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2022, a true and correct copy of the foregoing was filed and served via email to the Defendant.

**Florida Insurance Law Group, LLC**
8724 Sunset Drive, #260, Miami, FL 33173
Tel. (305) 906-4262

*/s/ Lynn A. Brauer*
Lynn A. Brauer
Fla. Bar No. 467420